Oleksander STEPANYUK, Petitioner,

v.

Alberto GONZALES, Respondent.

No. 05–1653.

United States Court of Appeals, Second Circuit.

Jan. 22, 2007.

Mark T. Kenmore, Buffalo, New York, for Petitioner.

Kearns Davis, Assistant United States Attorney (Graham T. Green, on the brief), for Anna Mills Wagoner, United States Attorney, Middle District of North Carolina, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. WILFRED FEINBERG, Hon. GUIDO CALABRESI, Circuit Judges.

### SUMMARY ORDER

Petitioner Oleksander Stepanyuk, a native and citizen of the Ukraine, seeks review of a March 7, 2005 decision of the BIA dismissing his appeal of the November 4, 2003 decision of immigration judge Michael Rocco denying his application for asylum, withholding of removal and CAT relief. *In re Stepanyuk*, No. A95–381–676 (BIA Mar. 7, 2005), *aff'g* A95–381–676 (Immig. Ct. Buffalo Nov. 4, 2003).

Where, as here, "the BIA issues an opinion, the opinion becomes the basis for judicial review of the decision of which the alien is complaining." *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005) (internal quotation omitted). We review the agency's factual findings for substantial evidence, *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004), and reverse only if "any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

*Asylum.* Stepanyuk argues that the failure by police to investigate a burglary at his apartment in the Ukraine constituted a showing of changed circumstances sufficient to overcome the untimeliness of his asylum claim. Because this presents neither a "constitutional claim"

nor "question of law," we lack jurisdiction to review the denial of asylum, 8 U.S.C. § 1252(a)(2)(D), and therefore dismiss so much of the petition as challenges it.

■ *Withholding of Removal.* The BIA determined that Stepanyuk had suffered past persecution on account of religion. The question therefore is whether the BIA's finding of a fundamental change in circumstances in the Ukraine—an issue on which the government bears the burden— is supported by substantial evidence. *See* 8 C.F.R. § 1208.16(b)(1)(i)(A); *Tambadou v. Gonzales,* 446 F.3d 298, 302–304 (2d Cir.2006). We conclude that it is not.

The BIA cited findings in the 2002 State Department reports that the Ukraine now permits the practice of Greek Catholicism; that it has begun the process of returning confiscated churches; and that Greek Catholics predominate in the western part of the country. However, these are all conditions that either predate or coincide with the past persecution, and therefore do not evidence "changed" conditions. Further, these conditions have little or no relationship to the nature of the persecution Stepanyuk suffered. That the Ukrainian government is returning confiscated church property does not change the fact that interreligious tensions occur in the course of that process.

*CAT Relief.* Although Stepanyuk does not meaningfully distinguish his CAT claim, the BIA must reconsider it on remand because its dismissal was wholly predicated on the dismissal of the withholding claim.

For the foregoing reasons, the petition for review is **DISMISSED** for lack of jurisdiction with respect to petitioner's claim for asylum. With respect to petitioner's withholding and CAT claims, the petition for review is **GRANTED,** the BIA's order is **VACATED,** and the case is **REMANDED** to the BIA for further proceedings consistent with this decision. Having completed our review, the pending motion for a stay of removal in this petition is **DISMISSED** as moot.